UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN SCHENK,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF POCATELLO; CITY OF TREMONTON; CITY OF GARLAND; CHIEF ROGER SCHEI; OFFICER SCOTT CARD; OFFICER KENNETH MCCLURE; OFFICER DEMETRIUS AMOS; LT. JOSH HANCOCK; DETECTIVE SHANE JONES; DETECTIVE ERIC BILLS; CHIEF DUSTIN CORDOVA; OFFICER JON HANSEN; OFFICER ALEXANDRIA BOURNE; PPD OFFICERS JOHN AND JANE DOES I-XX; TGPD OFFICERS JOHN AND JANE DOES I-XX,<br><br>  Defendants. | Case No. 4:26-cv-00344-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Jonathan Schenk's Motion to Waive Bond or Set the Bond at $0. *See* Dkt. 1. For the reasons explained below, the Court declines to waive the bond or set it at $0. Instead, the Court will fix the bond at $500.

MEMORANDUM DECISION AND ORDER - 1

## DISCUSSION

Schenk attached a proposed complaint to his bond motion. As detailed there, he intends to sue the City of Pocatello, Idaho, the City of Tremonton, Utah, the City of Garland, Utah, and numerous law enforcement officers and supervisors employed by those entities. Schenk alleges that he was unlawfully stopped, searched, arrested, detained, and transported from Idaho to Utah in violation of his constitutional rights. He intends to pursue federal civil-rights claims under 42 U.S.C. § 1983 as well as several state-law causes of action, including claims for false imprisonment, negligence, intentional infliction of emotional distress, and violation of Idaho's Racketeer Influenced and Corrupt Organizations Act.

## ANALYSIS

Under Idaho Code § 6-610, plaintiffs who intend to sue law enforcement officers must first post a bond. This requirement is laid out in Idaho Code § 6-610, which provides as follows:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty, . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Idaho Code § 6-610(2). The statute goes on to explain that the purpose of the bond

MEMORANDUM DECISION AND ORDER - 2

requirement is, first, to ensure that the plaintiff diligently pursues the lawsuit and, second, to serve as a fund for the costs, expenses, and attorneys' fees in the event plaintiff loses. *See id.*

The statutory bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *See ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). But the bond requirement does apply to the Schenk's intended state-law claims. The Court must therefore determine the amount of the bond.

Schenk asks the Court to waive the bond requirement entirely or, alternatively, to set the bond at zero. In support of that request, Schenk has submitted a declaration describing his income, expenses, and financial obligations. Although the declaration arguably establishes financial hardship, it does not establish indigency. Nor does it otherwise provide a sufficient basis for waiving the statutory bond requirement or fixing the bond at zero. Nevertheless, the Court will set the bond at the relatively minimal amount of $500.

The Court has reviewed the specific state-law claims Schenk intends to pursue. At this preliminary stage, the Court expresses no opinion regarding the ultimate merits of those claims. Based upon the allegations presently before the

MEMORANDUM DECISION AND ORDER - 3

Court, however, the Court sees no indication that Plaintiff's proposed state-law claims are being advanced in bad faith.

Given the absence of any apparent bad faith, and considering both the purposes of § 6-610 and Plaintiff's financial circumstances, the Court finds that a minimal bond requirement in the amount of $500 is appropriate.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. The pending motion is thus brought *ex parte* and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount or form of bond. But § 6-610 has safeguards in place that will allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. *See* Idaho Code § 6-610(4). If, upon such exception, the Court finds the bond to be insufficient, the Court will require that a new bond, in a sufficient amount, be filed by Plaintiff within five days of entry of the Court's order. *See* Idaho Code § 6-610(7). "If no such bond is filed as required by the order of the court," the state-law claims against the law-enforcement officers will be dismissed. *Id.*

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Waive Bond Requirement or

MEMORANDUM DECISION AND ORDER - 4

Set Bond at $0 (Dkt. 1) is **DENIED.** The amount of the bond required by Idaho Code § 6-610 is fixed at $500. Plaintiff shall post this bond at the time he files his complaint. Plaintiff may satisfy the statutory requirement of "at least two (2) sufficient sureties," Idaho Code § 6-610(2), by depositing $500 into the Court's registry account in lieu of obtaining individual sureties.

DATED: June 4, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**